Filed 8/5/24  P. v. Fong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099348 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01615) |
| v. | |
| WENDY FONG, | |
| Defendant and Appellant. | |

Defendant Wendy Fong[1] appeals the trial court's denial of her Penal Code[2] section 1172.6[3] petition at the prima facie stage after concluding she was ineligible for relief as a

---

[1]     Defendant's name appears different ways throughout the record.  The abstract of judgment lists "Wendy Fong-Jeffries," while the notice of appeal and order denying the petition for resentencing use "Wendy Fong."  We use the latter name in this opinion.

[2]     Further undesignated statutory references are to the Penal Code.

[3]     Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  Defendant filed her

1

matter of law because the jury necessarily found she was either a direct perpetrator or a direct aider and abettor who acted with an intent to kill. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216, notifying this court that counsel had found no arguable issues on appeal and requesting, pursuant to *Delgadillo*, that we permit defendant to file a supplemental brief raising any argument she wishes this court to consider.

Defendant filed a supplemental brief arguing: (1) the trial court failed to independently review the facts to determine the sufficiency of the evidence to support her convictions; (2) insufficient evidence supported the jury's true finding on the lying-in-wait special circumstance; (3) the court misapplied *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*); and (4) the uncharged conspiracy instructions given at trial were virtually indistinguishable to instructions on the natural and probable consequences doctrine thereby entitling her to relief. Having considered defendant's supplemental brief in accordance with *Delgadillo*, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

According to the prosecution's theory of this case, in March 2012 the victim was lured by two acquaintances, codefendants Andrew Jeffries and Robert Haven, to a secluded location under the guise of stealing a car together; "Jefferies and/or Haven shot [the victim] in the back and head, killing him."[4] (See *People v. Haven et al.*, *supra*, C074940.) Defendant, Jeffries's wife, was implicated in the plot to kill the victim. (*Ibid.*)

---

petition under former section 1170.95, but we will refer to the current section 1172.6 throughout this opinion.

[4] This brief factual background is based on our unpublished decision resolving defendant's direct appeal in *People v. Haven et al.* (Aug. 28, 2019, C074940), and is provided for context only.

Defendant was prosecuted for the victim's murder under two theories: (1) the murder was willful, deliberate, and premeditated; and (2) the murder was committed by lying in wait. The trial court instructed the jury on, among other things, first and second degree murder with malice aforethought (CALCRIM No. 520), first degree premeditated murder (CALCRIM No. 521), direct perpetrator and direct aiding and abetting principles for intended crimes (CALCRIM Nos. 400, 401), special circumstance murder while lying in wait (CALCRIM Nos. 700, 702, 728), and an uncharged conspiracy to commit murder (CALCRIM No. 416). No instructions were given on the felony-murder rule (CALCRIM Nos. 540A-540C) or the natural and probable consequences doctrine (CALCRIM Nos. 402, 403).

The jury found defendant guilty of first degree murder and found the lying-in-wait special circumstance true. The trial court sentenced her to life in prison without the possibility of parole. This court affirmed defendant's convictions on appeal and specifically rejected her argument that insufficient evidence supported the jury's lying-in-wait special-circumstance finding. (See *People v. Haven et al.*, *supra*, C074940.)

In August 2021, defendant filed a section 1172.6 petition seeking resentencing on her murder conviction. Defendant checked boxes on the form petition alleging she was convicted of murder based on the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of murder under the changes made to sections 188 and 189, effective January 1, 2019, because she was not the actual killer, did not act with the intent to kill, and was not a major participant in the crime acting with reckless indifference to human life.

The trial court appointed counsel and obtained briefing from the parties. The prosecution opposed the petition, arguing defendant was ineligible for relief as a matter of law because the true finding on the lying-in-wait special circumstance, which had been upheld on appeal, required the jury to find she acted with the intent to kill. In reply, defendant argued the trial court could not rely on the appellate opinion as part of the

3

record of conviction to deny her facially sufficient petition at the prima facie stage. In January 2023, the trial court issued a tentative decision denying the petition and setting a prima facie hearing.

Defendant filed a first supplemental reply, arguing that she had made a sufficient prima facie showing because she had filled out the form petition correctly. She also objected that the trial court's tentative ruling relied on the jury instructions given and did not discuss the underlying evidence adduced at trial, which she argued was insufficient to support the lying-in-wait special circumstance.

In a second supplemental reply, which purportedly summarized the facts based on the evidence adduced at trial, defendant asserted the trial court's tentative denial was improperly based on the jury instructions given and the verdicts rendered rather than on a consideration of all the evidence presented at trial. She again contended the evidence was insufficient to support the special circumstance finding. Although she acknowledged that her case did not involve the natural and probable consequences doctrine "*per se*," she argued that the uncharged conspiracy instructions allowed the jury to find her guilty of the special circumstance without proof that she knew or intended the murder to be committed by lying in wait, which was similar to a natural and probable consequence instruction. Defendant also submitted several letters of support.

At a prima facie hearing in May 2023, the parties submitted on the briefs without further argument and the trial court took the matter under submission. The court issued a seven-page written ruling denying the petition after finding defendant was ineligible for relief as a matter of law because the record of conviction, including the jury instructions and the verdicts, showed defendant was convicted on still-valid theories. Specifically, the court found the jury instructions showed jurors did not convict defendant based on the felony-murder rule or the natural and probable consequences doctrine or on any imputed malice theory but rather that the jury found her guilty either as a direct perpetrator or a direct aider and abettor who acted with the intent to kill.

4

Defendant appeals.

## DISCUSSION

The independent review procedures outlined in *People v. Wende*, *supra*, 25 Cal.3d at pages 441-443 are not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-225.) But where, like here, a defendant has been notified that his or her appeal may be dismissed pursuant to *Delgadillo*, and he or she files a supplemental brief raising various issues he or she wants considered, we must evaluate the specific arguments presented in the defendant's supplemental brief. (*Id*. at pp. 231-232.) However, we are not required to independently review the record, although we may exercise our discretion to do so. (*Id*. at p. 232.)

### I

### *Applicable Legal Principles*

Before turning to the issues defendant raises in her supplemental brief, we briefly outline the statutory scheme governing resentencing petitions. In its current form, section 1172.6 applies to those convicted of murder based on a felony-murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice. (§ 1172.6, subd. (a).) To be eligible for relief, the defendant must make a prima facie showing that he or she could not presently be convicted of murder under changes to these theories of murder liability made effective on January 1, 2019, by Senate Bill No. 1437 (2017-2018 Reg. Sess.). (§ 1172.6, subd. (a)(3).)

At the prima facie stage, the trial court may deny a resentencing petition only if the defendant is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 966, 970-972; *People v. Strong* (2022) 13 Cal.5th 698, 708.) This is a pure question of law we review de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) While the trial court may look to the record of conviction after appointing defense counsel, the prima facie inquiry "is limited." (*Lewis*, at pp. 971-972.) At this early stage, the "trial

5

court should not engage in 'factfinding [that] involv[es] the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

With these principles in mind, we consider the arguments contained in defendant's supplemental brief.

II

*Analysis*

Defendant first asserts that the trial court should have reviewed the evidence presented at trial and independently analyzed the facts rather than rely on the factual statement contained in our previous appellate decision in denying relief. The law is otherwise.

The trial court's order expressly states, and we agree, that it did *not* rely on our prior appellate opinion to find defendant failed to meet her prima facie burden. The court instead considered the record of conviction, including the jury's verdicts and the jury instructions, to find defendant failed to make the requisite prima facie showing because the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine but rather found her guilty either as a direct perpetrator or a direct aider and abettor who aided and abetted the murder with the intent to kill.[5] (See *Lewis*,

---

[5] The jury instructions given here distinguish this case from *People v. Curiel* (2023) 15 Cal.5th 433, 471 [noting its findings were limited to the specific jury instructions given in that case because "[t]he jury instructions in other cases might be materially different, and they might therefore have required different factual findings by the jury"]. In *Curiel*, the trial court denied the defendant's section 1172.6 petition at the prima facie stage based on the jury's true finding on a gang-murder special-circumstance allegation that required the jury to find that the defendant intended to kill. (*Curiel*, at pp. 440-441.) Our Supreme Court held that, because the jury had been instructed on aiding and abetting as well as the natural and probable consequences theory, the jury's finding on the gang-murder special circumstance that the defendant intended to kill was insufficient to establish as a matter of law that the defendant could still be found liable for murder because that finding alone did not encompass all of the elements of any theory of murder

6

*supra*, 11 Cal.5th at pp. 970-972 [trial court may rely on record of conviction in determining whether a defendant has made a sufficient prima facie showing under § 1172.6]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [record of conviction includes jury instructions]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [murder conviction based on direct aiding and abetting with intent to kill is ineligible for § 1172.6 resentencing].)

Defendant's contention that the trial court should have engaged in independent factfinding at the prima facie stage based on the trial evidence or what she considers the most accurate statement of facts is equally untenable. Our Supreme Court in *Lewis* made clear that a trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' " when making a prima facie determination. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) Given this conclusion, we likewise reject defendant's undeveloped argument that the trial court somehow misapplied *Lewis*.

Based on the factual summary contained in her second supplemental reply brief filed in the trial court, which she alleges is the most accurate statement of facts, defendant next argues that insufficient evidence supports the jury's true finding on the lying-in-wait special circumstance. But this court has already considered and rejected her challenge that "the prosecution presented legally insufficient evidence to prove the lying-in-wait special circumstance" in her direct appeal. (*People v. Haven et al.*, *supra*, C074940.) "The mere filing of a section [1172.6] petition does not afford the [defendant] a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Defendant finally asserts that the trial court's jury instructions regarding the uncharged conspiracy to commit murder were "virtually indistinguishable from 'the

---

under current law. (*Id*. at pp. 466-471.) Unlike in *Curiel*, the jury here was not instructed on the natural and probable consequences doctrine. (See *id*. at p. 471.)

natural and probable consequences' instructions" disallowed in *People v. Chiu* (2014) 59 Cal.4th 155. We disagree. As the trial court found, CALCRIM No. 416 did not include language that would have allowed the jury to convict defendant on a natural and probable consequences theory. The jury was instructed that the prosecution had to prove, among other things, that the members of the alleged conspiracy had an agreement and intent to commit murder and that the jury could not find defendant guilty under a conspiracy theory unless all the jurors agreed that the prosecution proved defendant had conspired to commit murder. Thus, as the trial court noted, "[T]he instruction could not be clearer – to convict [defendant] under an uncharged conspiracy theory, the jury necessarily had to find [defendant] had an intent to kill," and not merely that an intent to kill had been imputed to her under a natural and probable consequences theory.

DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.


/s/
ROBIE, Acting P. J.



We concur:



/s/
BOULWARE EURIE, J.



/s/
MESIWALA, J.



8